

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.E., | Case No. 26-cv-03353-BAS-VET |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |
| TODD BLANCHE, *et al.*, | |
| Respondents. | |

Petitioner J.E. filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming he has been improperly detained in immigration custody. (ECF No. 1.) The Government filed a response acknowledging "that Petitioner is entitled to be released from custody subject to conditions of supervision." (ECF No. 8.) Petitioner filed a Traverse (ECF No. 9.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released under DHS supervision.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in

- 1 -

26cv3353

custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

On September 19, 2014, the Department of Homeland Security ("DHS") apprehended Petitioner, a Mexican citizen. (ECF No. 1, at ¶¶ 10, 19.) DHS released Petitioner under an order of supervision. (*Id.*) Petitioner received lawful employment authorization. (*Id.* ¶ 20.) He has since had two U.S. citizen children. (*Id.*)

On September 12, 2025, he received a positive credible fear determination. (*Id.* ¶ 21.) Nonetheless, on December 18, 2025, when he appeared for a monitoring appointment, Immigration and Customs Enforcement ("ICE") took him into custody and escorted him to Mexico. (*Id.* ¶¶ 23–24.) Petitioner filed a Petition for Review with the Ninth Circuit alleging he had been unlawfully removed. (*Id.* ¶ 25.) Customs and Border Protection coordinated with Petitioner's counsel to have Petitioner returned to the United States. (*Id.*) On May 20, 2026, he was paroled back into the United States but was immediately detained by ICE. (*Id.* ¶ 28.)

Petitioner argues his detention violates both his substantive and procedural due process rights and requests immediate release under the same order of supervision.  The Government admits it is "unable to ascertain sufficient facts at this time to establish Petitioner's supervised release was revoked according" to appropriate DHS procedures. (ECF No. 8.) Therefore, the Government "acknowledge[s] that Petitioner is entitled to be released from custody subject to conditions of supervision."

## III.    ANALYSIS

Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g., Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees);

- 2 -

26cv3353

*Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner upon finding he was not a flight risk or a danger to the community in 2014, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released. If DHS believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

## IV.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Petitioner J.E. (A# 205-141-724) be released on the same terms and conditions as he was previously released in 2014.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: June 16, 2026**

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv3353